**BARSHAY SANDERS, PLLC**
Craig B. Sanders (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
File No.: 121884

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Angel Chevrestt,<br><br>             Plaintiff,<br><br>     v.<br><br>Hollywood Unlocked, Inc.,<br><br>             Defendant. | Case No: 2:21-cv-03510<br><br>**COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Angel Chevrestt ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant Hollywood Unlocked, Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement and the violation of the DMCA for the removal of copyright management information.

2. Plaintiff herein provides photojournalism goods and services and owns the rights to photographs which Plaintiff licenses to online and print publications.

3. Plaintiff has obtained U.S. copyright registrations covering many of

Plaintiff's photographs and many others are the subject of pending copyright applications.

4. Defendant owns and operates a website known as thehollywoodunlocked.com (the "*Website*").

5. Defendant, without permission or authorization from Plaintiff actively copied, stored, modified, and/or displayed Plaintiff's photographs on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff Angel Chevrestt is an individual who is a citizen of the State of Illinois and maintains a principal place of business in Jackson County, Illinois.

7. On information and belief, Defendant Hollywood Unlocked, Inc., is a Delaware Corporation with a principal place of business at 8200 Mannix Drive, Los Angeles, California in Los Angeles county and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Hollywood Unlocked, Inc. because Hollywood Unlocked, Inc. maintains its principal place of business in California.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because Hollywood Unlocked, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which he licenses to online and print publications.

12. Plaintiff has invested significant time and money in building its photograph portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14. Plaintiff's photographs are original, creative works in which Plaintiff's own protectable copyright interests.

15. The Website is popular and lucrative enterprises that purposefully display celebrity and/or news photographs, including Plaintiff's copyrighted photographs.

16. The Website is monetized in that it contains paid advertisements and/or sells merchandise to the public and, on information and belief, Defendant profits from these activities.

17. On April 25, 2018, Plaintiff Angel Chevrestt authored a photograph of Greg Piatek who had been thrown out of a New York City Bar for being A Trump supporter (the "Photograph"). A copy of the Photograph is attached hereto as Exhibit 1.

18. Plaintiff applied to the USCO to register the Photograph on June 28, 2018 under Application No. 1-6481003385.

19. The Photograph was registered by USCO on June 28, 2018 under Registration No. VA 2-114-368.

20. Plaintiff observed the Photograph on Defendant's domain

thehollywoodunlocked.com on April 28, 2018. A copy of Screengrab of Defendant's website including the Photograph is attached hereto as Exhibit 2.

21. A copy of the Photograph was stored and displayed on Defendant's domain thehollywoodunlocked.com at the following URL: http://thehollywoodunlocked.com/judge-rules-that-bars-are-allowed-to-throw-out-trump-supporters/.

22. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, modified, stored and/or displayed Plaintiff copyright protected photograph as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, on the Website.

23. On information and belief, the Photographs was copied, modified, stored and/or displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter singularly the "*Infringement*" and collectively the "*Infringement*").

24. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.* 508 F.3d 1146, 1160 (9th Cir. 2007).

25. The Infringement is an exact copy of Plaintiff's original image that was directly copied and stored by Defendant on the Website.

26. On information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and displaying Plaintiff's Photographs.

27. On information and belief, Defendant directly contributes to the content posted on the Website by, inter alia, directly employing authors, moderators and administrators, as Defendant's agents, including but not limited

to Alyssa Brook whose LinkedIn page (https://www.linkedin.com/in/alyssarhehabmagazine/) lists her as a managing editor of Hollywood Unlocked (hereinafter collectively referred to as "Employees") who are each responsible for operating and controlling the activities on the Website.

28. On information and belief, the Photographs were volitionally posted to the Website by Employees.

29. On information and belief, at all material times the Employees were acting within the course and scope of their employment when they volitionally posted the Infringement.

30. On information and belief, at all material times the Employees were acting within the course and scope of their agency when they volitionally posted the Infringement.

31. On information and belief, Defendant is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

32. On information and belief, the Infringement were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

33. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

34. On information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

35. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or

had the right and ability to exercise such right.

36. On information and belief, Defendant's Employees had complete control over and actively reviewed and monitored the content posted on the Website.

37. On information and belief, Defendant has received a financial benefit directly attributable to the Infringement. Specifically, by way of the Infringement, the Website had increased traffic to the and, in turn, realized an increase its advertising revenues and/or merchandise sales.

38. On information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Website.

39. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

40. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

41. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

42. The Photographs are original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

43. Plaintiff has not licensed Defendant the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

44. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly

displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

45. Defendant's reproduction of the Photographs and display of the Photographs on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

46. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## SECOND COUNT
### *(Integrity of Copyright Management Information 17 U.S.C. § 1202)*

47. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

48. On information and belief, in its article on the Website, Defendant copied the Photograph from https://nypost.com/2018/04/25/judge-bars-are-allowed-to-throw-out-trump-supporters/ which contained a photo credit under the Photograph stating "Angel Chevrestt" identifying Plaintiff in order to mislead the public into believing that Defendant either owned the Photograph or had legitimately licensed it for use in the Infringement. A copy of the NY Post story is attached as Exhibit 3.

49. On information and belief, Defendant intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

50. On information and belief, in addition to removing the photo credit, Defendant also removed the metadata from the Photograph.

51. On information and belief, Defendants knew that Plaintiff created and held rights to the Photographs because, *inter alia*, the source of the Photographs that Defendants used to make its infringing copy specifically attributed the Photographs to Plaintiff by photo credit.

52. Defendant intentionally removed copyright management information related to the Photographs with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act.

53. The conduct of Defendant violates 17 U.S.C. § 1202(a) and (b).

54. On information and belief, Defendant's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

55. On information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendant intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Defendant also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

56. As a result of the wrongful conduct of Defendant as alleged herein, Plaintiff is entitled to recover from Defendant the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Defendant because of its violations of 17 U.S.C. § 1202, including attorney's fees and costs.

57. Alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## JURY DEMAND

58. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a. Statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement or in the alternative Plaintiff's actual damages and the disgorgement of Defendant' wrongful profits in an amount to be proven at trial; and

    b. Statutory damages against Defendant pursuant to 17 U.S.C. §1202 of up to $25,000 per infringement; and

    c. A permanent injunction against Defendant pursuant to 17 U.S.C. §502; and

    d. Plaintiff's attorneys' fees pursuant to 17 U.S.C. §505; and

    e. Plaintiff's costs; together with

    f. Such other relief that the Court determines is just and proper.

DATED: April 21, 2021       **BARSHAY SANDERS, PLLC**
By: */s/ Craig B. Sanders*
Craig B. Sanders, Esq. (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com

*Attorneys for Plaintiff*
File No.: 121884

BARSHAY SANDERS, PLLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28